IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDDIE LAMONT SOLOMON,
    Plaintiff,

vs.                                          Case No.:  5:10cv319/RS/EMT

DAVID L. TATUM, et al.
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon referral from the clerk.  Plaintiff commenced this case by filing a civil rights complaint, pursuant to 42 U.S.C. § 1983, on December 6, 2010 (doc. 1).  At that time, he was incarcerated in the Florida Department of Corrections ("FDOC") (*id.*).  Plaintiff was granted leave to proceed in forma pauperis (doc. 7).

        At the court's direction, Plaintiff filed an amended complaint (doc. 21).  He named four Defendants, Sheriff David Tatum, Deputy William Dalton, Sheriff Harrell Revell, and Deputy Wade Kelly (*id.*).  The court dismissed Sheriff Harrell from the lawsuit and directed of the amended complaint upon the remaining three Defendants (docs. 25, 28).  On November 30, 2011, Plaintiff notified the court he had been released from incarceration and was residing in Lakeland, Florida (doc. 30).  Defendants Tatum and Dalton were served with process (docs. 33, 34).  However, the summons was returned unexecuted as to Defendant Kelly because he could not be located at the address provided by Plaintiff.[1]  Therefore, on January 25, 2012, the undersigned issued an order directing Plaintiff to notify the court, within fourteen (14) days, of an address for service of process on Defendant Kelly (doc. 36).  Plaintiff failed to respond to the order; therefore, on February 14, 2012, the undersigned issued an order directing Plaintiff to show cause, within twenty-one (21) days,

---

[1] The service address provided by Plaintiff was the Liberty County Sheriff's Office (*see* doc. 21).  Service at that address was returned unexecuted because Defendant Kelly is no longer employed by the Liberty County Sheriff's Office (*see* doc. 35).

why Defendant Kelly should not be dismissed from this action for Plaintiff's failure to comply with the court's previous order (doc. 42). That time has elapsed, and the court has received no response from Plaintiff.

On January 27, 2012, Defendant Dalton filed an answer to the complaint, and Defendant Tatum filed a motion to dismiss (doc. 37, 38). On February 1, 2012, the undersigned directed Plaintiff to respond to Defendant Tatum's motion to dismiss within fourteen (14) days (doc. 41). Also on that date, the undersigned issued an Initial Scheduling Order ("ISO") directing Plaintiff and counsel for Defendants Tatum and Dalton to confer (personally, by phone, or electronically) within thirty (30) days from that date, as required by Rule 26(f) of the Federal Rules of Civil Procedure, and file a joint report within fourteen (14) days thereafter (doc. 40). The court ordered Plaintiff to initiate arrangements for the conference, but notified the parties that all parties would be held equally responsible for ensuring that the conference is held and the report filed (*id.*).

On March 5, 2012, upon expiration of the thirty-day conference deadline, Defendants filed a "Notice to the Court, Motion to Dismiss or, Alternatively, Motion for Order to Show Cause with Incorporated Memorandum of Law" (doc. 43). In the motion, Defendants' counsel notified the court that Plaintiff failed to initiate the conference as required in the ISO, and counsel twice corresponded with Plaintiff in an effort to comply with the ISO, including sending Plaintiff a proposed joint report, but Plaintiff failed to respond (*see* docs. 43, 45). In light of these allegations, the undersigned issued an order on March 7, 2012, directing Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for his failure to comply with the court's ISO and Rule 26(f) of the Federal Rules of Civil Procedure (doc. 44). The time for compliance with the show cause order elapsed, with no response from Plaintiff.[2] Indeed, the last communication received by the court from Plaintiff was nearly five (5) months ago, when Plaintiff notified the court he had been released from incarceration (doc. 30).

---

[2] Counsel for Defendants Tatum and Dalton subsequently notified the court that their discovery requests sent to Plaintiff by certified mail had been returned by the postal service indicating Plaintiff failed to claim the mail after receiving three notices (doc. 45). Counsel additionally advised that he spoke with Plaintiff on March 15, 2012, but the conversation quickly devolved, with Plaintiff referring to counsel as a "motherf****** cracker child molester" and instructing counsel not to contact him again (*id.*). Counsel advised that as of March 16, 2012, he had not received communication from Plaintiff regarding preparation of the joint report required by the ISO (*id.*).

Case No: 5:10cv319/RS/EMT

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part:

**Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, the Local Rules of this court provide:

On motion of any party or on its own motion, the court may enter an order to show cause why a claim, . . . should not be dismissed for failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a dismissal may be entered for this reason.

N.D. Fla. Loc. R. 41.1(B).

In light of Plaintiff's failure to comply with the court's orders, including the ISO, the order directing him to respond to Defendant Tatum's motion to dismiss, and the show cause orders, as well as Plaintiff's failure to prosecute this action, the undersigned recommends that this case be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED with prejudice** for Plaintiff's failure to comply with orders of the court.

At Pensacola, Florida, this 30th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**